UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LATHAN HARRINGTON,                )
                                  )
          Petitioner,             )
                                  )
     v.                           )          No. 4:14 CV 1683 CDP
                                  )
IAN WALLACE,                      )
                                  )
          Respondent.             )

## MEMORANDUM AND ORDER

This matter is before the Court on Missouri state prisoner Lathan

Harrington's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For

the reasons that follow, I will deny the petition.

### Procedural History

Harrington is currently incarcerated at the Southeast Correctional Center

(SECC) in Charleston, Missouri, pursuant to a judgment and sentence of the

Circuit Court of the City of St. Louis, Missouri.[1]  On August 5, 2010, a jury found

Harrington guilty of two counts of first degree statutory rape, four counts of first

degree statutory sodomy, one count of first degree child molestation, two counts of

second degree statutory sodomy, one count of second degree statutory rape, three

---

[1] Because Jason Lewis is currently the warden at SECC, he will be substituted for Ian Wallace as
proper party respondent.  *See* Rule 2(a), Rules Governing Section 2254 Cases in United States
District Courts.

counts of first degree sexual misconduct, and one count of second degree child molestation. On October 15, 2010, the circuit court sentenced Harrington to concurrent terms of imprisonment on all counts, totaling twenty-three years.

Harrington appealed his conviction to the Missouri Court of Appeals, challenging the sufficiency of the evidence and arguing that the trial court committed instructional error. The Missouri Court of Appeals reversed Harrington's judgment of conviction for first degree child molestation and affirmed the remainder of his convictions and sentences. *State v. Harrington*, 352 S.W.3d 413 (Mo. Ct. App. 2011) (per curiam).

Harrington thereafter filed a *pro se* motion for post-conviction relief under Missouri Rule 29.15, in which he raised various claims of ineffective assistance of trial and direct appeal counsel, and also a claim that the cumulative effect of counsel error prejudiced his defense. Appointed counsel filed an amended motion for post-conviction relief, raising one claim of ineffective assistance of trial counsel. The motion court denied Harrington's post-conviction motion on October 17, 2012, without an evidentiary hearing. On November 19, 2013, the Missouri Court of Appeals affirmed the motion court's denial of post-conviction relief. *Harrington v. State*, 414 S.W.3d 49 (Mo. Ct. App. 2013) (order) (per curiam).

**Numbered Counts of the Indictment**

The charges against Harrington were brought in sixteen separate counts by an indictment returned on May 29, 2009, in the Circuit Court of St. Louis City. (ECF #12-3, Resp. Exh. C, at 26-30.)  After the presentation of evidence concluded at trial, the circuit court dismissed Counts 8 and 10 of the indictment.  The trial court then renumbered the remaining counts – specifically, original Counts 9 through 16 were renumbered as Counts 8 through 14.  When addressing Harrington's claims on appeal, the Missouri Court of Appeals referred to the counts of the indictment as they were renumbered by the trial court.  (ECF #10-3, Resp. Exh. F, Memo.)  For example, when addressing Harrington's claim challenging Count 9 of the indictment, the court of appeals referred to the count in its renumbered form, Count 8.  In this habeas petition, Harrington's challenges refer to the counts as they were originally numbered in the sixteen-count indictment.  I will do the same.

**Grounds Raised**

In this habeas petition, Harrington raises seventeen grounds for relief:

1)  That there was insufficient evidence to support his conviction of first degree statutory sodomy as set out in Count 6 of the indictment;

2)  That there was insufficient evidence to support his conviction of first degree child molestation;

3)  That there was insufficient evidence to support his conviction of second degree

statutory sodomy as set out in Count 9[2] of the indictment;

4)  That there was insufficient evidence to support his conviction of second degree statutory sodomy as set out in Count 11[3] of the indictment;

5)  That the trial court committed error in relation to jury instructions given on Counts 7 and 14[4] of the indictment;

6)  That he received ineffective assistance of trial counsel for counsel's failure to investigate and secure certain witnesses;

7 through 12)  That he received ineffective assistance of post-conviction counsel for counsel's failure to raise certain claims of ineffective assistance of trial counsel during his post-conviction proceedings;

13 through 16)  That he received ineffective assistance of direct appeal counsel for counsel's failure to raise certain claims of trial error on direct appeal; and

17)  That the cumulative effect of all alleged errors violated his constitutional rights.

In response, respondent argues that the claims raised in Grounds 2, 4, 5, and 7

through 17 are subject to various defenses of mootness, lack of jurisdiction, non-

cognizability, and procedural default.  Respondent contends that the claims raised

in Grounds 1, 3, and 6 must be denied on their merits.

## Standard of Review

Federal habeas relief is available to a state prisoner "only on the ground that

---

[2] The original Count 9 of the indictment was renumbered to Count 8 by the trial court.  In this memorandum, I will continue to refer to the count as Count 9.

[3] The original Count 11 of the indictment was renumbered to Count 9 by the trial court.  I will continue to refer to the count as Count 11.

[4] The original Count 14 of the indictment was renumbered to Count 12 by the trial court.  I will continue to refer to the count as Count 14.

he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See also Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990).

In order to obtain federal habeas review of a claim raised in a § 2254 petition, the petitioner must have first raised the federal constitutional dimensions of the claim in State court in accordance with State procedural rules. *Duncan v. Henry,* 513 U.S. 364 (1995) (per curiam); *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009) (quoting *Gilmore v. Armontrout,* 861 F.2d 1061, 1065 (8th Cir. 1988)). If the petitioner failed to properly present the claim in State court, and no adequate non-futile remedy is currently available by which he may bring the claim in that forum, the claim is deemed procedurally defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Martinez v. Ryan*, 566 U.S. 1, 10-11 (2012).

Where the State court adjudicated a claim on the merits, federal habeas relief can be granted on the claim only if the State court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,"

28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). *See Williams v. Taylor*, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time petitioner's State conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. *Id.* at 380-83.

A State court's decision is "contrary to" clearly established Supreme Court precedent when it is opposite to the Supreme Court's conclusion on a question of law or different than the Supreme Court's conclusion on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 412-13; *Carter v. Kemna*, 255 F.3d 589, 591 (8th Cir. 2001). A State court's decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Merely erroneous or incorrect application of clearly established federal law does not suffice to support a grant of habeas relief. Instead, the State court's application of the law must be objectively unreasonable. *Id.* at 409-11; *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011). Finally, when reviewing whether a State court decision involves an "unreasonable determination of the facts" in light of the evidence presented in the State court proceedings, State court findings of basic, primary, or historical facts

are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Rice v. Collins*, 546 U.S. 333, 338-39 (2006); *Collier v. Norris*, 485 F.3d 415, 423 (8th Cir. 2007). Erroneous findings of fact do not *ipso facto* ensure the grant of habeas relief, however. Instead, the determination of these facts must be unreasonable in light of the evidence of record. *Collier*, 485 F.3d at 423; *Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001).

The federal court is "bound by the AEDPA [Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying State court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). To obtain habeas relief from a federal court, the petitioner must show that the challenged State court ruling "rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Metrish v. Lancaster*, 133 S. Ct. 1781, 1786-87 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). This standard is difficult to meet. *Id.* at 1786.

## Jurisdiction

Federal courts have jurisdiction to consider habeas petitions from persons who are in custody in violation of the Constitution, laws, or treaties of the United States. The habeas petitioner must be in custody, however, under the conviction or

sentence under attack at the time he brings his petition. *Maleng v. Cook*, 490 U.S. 488, 491 (1989). Where a sentence imposed on a conviction has fully expired at the time the petition is filed, the habeas petitioner is no longer "in custody" under that conviction. *Id.* at 491-92.

In Ground 5 of his petition, Harrington challenges the trial court's jury instructions as they relate to his conviction of first degree sexual misconduct charged under Count 14 of the indictment. Harrington was sentenced to a one-year term of imprisonment on this charge, however, and his sentences on all charges were ordered to be served concurrently. Accordingly, when Harrington filed this habeas petition in 2014, his one-year sentence imposed in 2010 on Count 14 had already expired. Because Harrington was no longer in custody under his conviction for Count 14 of the indictment when he filed this habeas petition, I have no jurisdiction to entertain his claim challenging that conviction. *Maleng*, 490 U.S. at 491-92. *See also Mays v. Dinwiddie*, 580 F.3d 1136 (10th Cir. 2009); *Sweet v. McNeil*, 345 F. App'x 480 (11th Cir. 2009).

Likewise, I have no jurisdiction over that part of Ground 5 that challenges the trial court's jury instructions as they relate to his conviction of first degree child molestation charged under Count 7 of the indictment. Nor do I have jurisdiction over the claim raised in Ground 2 of the petition challenging the sufficiency of the evidence on that conviction. On direct appeal, the Missouri

Court of Appeals reversed Harrington's conviction on Count 7, noting that the State conceded Harrington's challenge to the sufficiency of the evidence. *State v. Harrington*, 352 S.W.3d 413 (Mo. Ct. App. 2011) (per curiam). Because Harrington cannot obtain relief on a claim challenging a conviction that no longer stands, his claim is moot. Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

Accordingly, the claims raised in Grounds and 2 and 5 of the petition will be dismissed for lack of jurisdiction.

## Non-Cognizable Claims

In Grounds 7 through 12 of his petition, Harrington claims that he received ineffective assistance of post-conviction counsel for counsel's failure to raise during the post-conviction proceedings various claims of ineffective assistance of trial counsel. Because there is no federal constitutional right to counsel in State post-conviction proceedings, *see Coleman*, 501 U.S. at 752, claims of ineffective assistance of post-conviction counsel are not cognizable as independent claims in federal habeas corpus proceedings. *Jennings v. Groose*, No. 4:94CV1349 CDP, 2015 WL 1475663, at *3 (E.D. Mo. Mar. 31, 2015) (citing cases). Ineffective assistance of post-conviction counsel may constitute cause, however, for a petitioner's failure to properly raise a claim of ineffective trial counsel in State

court.  *Martinez v. Ryan*, 566 U.S. 1 (2012).

To the extent Harrington's claims may be read to assert under *Martinez* that ineffective assistance of post-conviction counsel should excuse procedurally defaulted claims of ineffective assistance at trial, I note that Harrington has not raised in this petition any defaulted claims of ineffective assistance of trial counsel. So, while inadequate assistance of counsel at post-conviction proceedings may establish cause for default of a claim of ineffective assistance at trial, *Martinez*, 566 U.S. at 9, it cannot be the basis of an independent claim in a federal habeas proceeding.  28 U.S.C. § 2254(i).

The claims raised in Grounds 7 through 12 of Harrington's petition are not cognizable in this proceeding and will be denied.

### Procedurally Defaulted Claims

A.  <u>Ground 4 – Sufficiency of the Evidence, Count 11 of the Indictment</u>

In Ground 4 of his petition, Harrington claims that there was insufficient evidence to support a conviction of second degree sodomy as charged in Count 11 of the indictment.  Although Harrington raised this claim on direct appeal, the Missouri Court of Appeals determined that the claim did not raise an evidentiary challenge, but rather challenged the verdict director given to the jury on this count of the indictment.  (ECF #10-3, Resp. Exh. F, Memo. at 5-7.)  Noting that Harrington did not raise any challenge to the verdict director in the trial court, the

Missouri Court of Appeals reviewed the unpreserved claim for plain error and found none. (*Id.* at 6-7.)

As a federal habeas court, I "cannot reach an otherwise unpreserved and procedurally defaulted claim merely because a reviewing state court analyzed that claim for plain error." *Clark v. Bertsch*, 780 F.3d 873, 874 (8th Cir. 2015) (applying the rule set out in *Hayes v. Lockhart*, 766 F.2d 1247 (8th Cir. 1985)). Instead, I may review the merits of the claim only if cause is shown for the default and actual prejudice resulted from the alleged constitutional violation, or if Harrington shows that a fundamental miscarriage of justice would occur if I were not to address the claim. *Coleman,* 501 U.S. at 750.

Harrington alleges no cause for his default or actual prejudice resulting from the alleged unconstitutional error. Nor has Harrington shown that a fundamental miscarriage of justice would occur if I were not to review the merits of the claim. Harrington has presented no new evidence of actual innocence; nor has he shown that a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006); *Weeks v. Bowersox*, 119 F.3d 1342, 1352-53 (8th Cir. 1997).

Accordingly, the claim raised in Ground 4 of Harrington's petition is procedurally barred from federal habeas review and will be denied.

B.    Grounds 13 through 16 – Assistance of Direct Appeal Counsel

In Grounds 13 through 16, Harrington claims that he received ineffective assistance of counsel on direct appeal for counsel's failure to raise various issues of trial error on appeal.  Harrington did not raise these claims of ineffective appellate counsel at any proceeding in State court.

A claim must be presented at each step of the judicial process in State court in order to avoid procedural default.  *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994).  Under Missouri law, Missouri Supreme Court Rule 29.15 provides the exclusive means by which a petitioner may assert claims of ineffective assistance of direct appeal counsel.  Harrington's failure to raise these claims of ineffective assistance of appellate counsel in his Rule 29.15 motion results in this Court being procedurally barred from reviewing the claims in this federal habeas proceeding absent a showing of cause and prejudice, or that a fundamental miscarriage of justice would result if the Court were not to review the claims.

Harrington appears to assert that ineffective assistance of post-conviction counsel caused his default.  However, while *Martinez* provides that inadequate assistance of counsel at initial post-conviction proceedings may establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel, *Martinez* does not extend to defaulted claims of ineffective assistance of appellate counsel.  *Davila v. Davis,* No. 16-6219, 2017 WL 2722418 (U.S. June 26, 2017);

*Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014). Therefore, Harrington's claim of ineffective assistance of post-conviction counsel does not excuse the default of his claims of ineffective assistance of appellate counsel. He asserts no other ground as cause. With no showing of cause, I need not determine whether prejudice has been shown. *Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007). Nor has Harrington shown that a fundamental miscarriage of justice would occur if I were not to address the merits of his claims.

Accordingly, the claims raised in Grounds 13 through 16 of Harrington's petition are procedurally barred from federal habeas review and will be denied.

## Claims Addressed on the Merits

A review of the record shows Harrington to have properly raised the following claims in State court and that the Missouri Court of Appeals, upon review of the merits of the claims, denied relief. I therefore turn to the merits of these claims, exercising limited and deferential review of the underlying State court decisions as required by the AEDPA.

A.    Ground 1 – Sufficiency of the Evidence, Count 6 of the Indictment

In Ground 1, Harrington claims that there was insufficient evidence to support his conviction of first degree statutory sodomy as charged in Count 6 of the indictment because there was no evidence that Harrington engaged in the charged conduct within the time frame alleged in that count. On direct appeal, the

Missouri Court of Appeals denied relief on this claim. (ECF #10-3, Resp. Exh. F, Memo. at 2-4.)

Claims of insufficiency of the evidence are analyzed under the standard of *Jackson v. Virginia,* 443 U.S. 307 (1979). Under *Jackson*, a petitioner "is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Id.* at 324. "All conflicting inferences that arise from the historical facts must be resolved in favor of the prosecution." *Nance v. Norris,* 392 F.3d 284, 290 (8th Cir. 2004). Further, "[w]e also presume that the findings of fact made by a state court are correct unless the petitioner rebuts that presumption by clear and convincing evidence." *Evans v. Luebbers*, 371 F.3d 438, 441 (8th Cir. 2004).

Here, Count 6 of the indictment charged that Harrington engaged in first degree statutory sodomy between June 20, 2004, and June 19, 2006, when the victim was less than fourteen years old. The victim testified at trial that she was seven years old when Harrington began sodomizing her, and that this conduct continued until she was "12, 11[.]" Evidence showed that the victim turned twelve on June 20, 2004. (ECF #10-3, Resp. Exh. F, Memo. at 3.) The Missouri Court of Appeals found that a jury could reasonably find from this evidence that Harrington committed statutory sodomy against this victim when she was twelve years old or younger, and thus at a time when she was under the age of fourteen as charged in

Count 6.  (*Id.* at 4.)

A State appellate court's conclusion that the evidence was sufficient to support a criminal conviction is entitled to great deference by a federal court. *Jackson*, 443 U.S. at 323.  "[W]hether the record contains sufficient evidence to establish each element of the crime beyond a reasonable doubt 'is everyday business for the state courts, grist for their mill, and it will be a rare case in which a federal court on habeas will disagree with them.'"  *Cassell v. Lockhart*, 886 F.2d 178, 179 (8th Cir. 1989) (quoting *Moeller v. Attorney Gen. of S.D.*, 838 F.2d 309, 310 (8th Cir. 1988)).

The court of appeals' determination that there was sufficient evidence to convict Harrington of having committed first degree statutory sodomy during the time frame charged in Count 6 of the indictment is supported by the record and entitled to deference.  I am not aware of any "clearly established Federal law, as determined by the Supreme Court of the United States" of which the court's decision runs afoul, nor has Harrington demonstrated such.  Therefore, it cannot be said that the State court's determination "resulted in a decision that was contrary to, or involved an unreasonable application of," clearly established federal law.  28 U.S.C. § 2254(d)(1).  Nor has Harrington shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. §

2254(d)(2).

Accordingly, the claim raised in Ground 1 of the petition will be denied.

B.      Ground 3 – Sufficiency of the Evidence, Count 9 of the Indictment

Count 9 of the indictment charged that Harrington engaged in second degree statutory sodomy between June 20, 2004, and April 2, 2009, when the victim was less than seventeen years old.  In Ground 3 of this habeas petition, Harrington claims that the evidence was insufficient to show that he engaged in the charged conduct during the time frame alleged in the indictment and as submitted to the jury in the verdict director.  Harrington raised this claim on direct appeal.  The Missouri Court of Appeals denied relief.

The verdict director on this count of the indictment instructed the jury to find Harrington guilty of the crime charged if it found Harrington to have engaged in the alleged conduct "on or between June 20, 2004 and April 2, 2009, . . . after the event in Count IV[.]"  (ECF #12-3, Resp. Exh. C at 68.)  The "event in Count IV" was a charged act of first degree statutory sodomy that occurred "on or between June 20, 2004 and June 19, 2006[.]"  (*Id.* at 27.)  Harrington claims here that there was no evidence that the conduct for which he was convicted under Count 9 occurred after the event that formed the basis for his conviction under Count 4.

The Missouri Court of Appeals summarized the victim's testimony from trial and determined that a jury could reasonably find from such testimony that

Harrington committed the offense charged in Count 9. Specifically, the victim testified that Harrington began engaging in the specific conduct alleged in Counts 4 and 9 when she was seven years old, and that this conduct always led to sexual intercourse or other acts of sodomy. The victim testified that Harrington tried to have sex with her when she was twelve years old and again when she was thirteen years old. As noted above, evidence showed that the victim turned twelve on June 20, 2004. The Missouri Court of Appeals found that

> the jury could reasonably have found from this evidence that defendant [committed the alleged act on the victim] before trying to have sex with her one time between 2004 and 2006, as charged in Count IV, when she was twelve years old, and a second time before trying to have sex with her between 2004 and 2009, as charged in Count VIII, when she was thirteen years old.

(ECF #10-3, Resp. Exh. F, Memo. at 5.)[5]

Upon review of the record and according appropriate deference to the State court's decision, I cannot say that the court of appeals' conclusion that a jury could find from the evidence that Harrington committed the act charged in Count 9 after committing the act charged in Count 4, involved an unreasonable application of federal law or an unreasonable determination of the facts. Accordingly, Harrington is not entitled to habeas relief on this claim. Ground 3 will be denied.

C.     Ground 6 – Assistance of Trial Counsel

_____

[5] As noted above at p. 3, when addressing Harrington's challenge to Count 9, the court of appeals referred to this count in its renumbered form, that is, Count 8.

In Ground 6 of his petition, Harrington claims that trial counsel was ineffective in failing to investigate and secure witnesses who would have testified at trial that he did not have access to the victims at the time the crimes were alleged to have occurred because he did not reside at the victims' house for long periods during that time. Harrington raised this claim in his post-conviction motion and on appeal from the denial of the motion. The Missouri Court of Appeals denied relief on the claim.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, a petitioner must show that 1) his counsel's performance was deficient, and 2) the deficient performance prejudiced his defense. *Id.* at 687. In evaluating counsel's performance, the basic inquiry is "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688. The petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

A presumption exists that counsel's conduct "might be considered sound trial strategy." *Strickland*, 466 U.S. at 688. "[A] reasoned decision not to call a witness is a virtually unchallengeable decision of trial strategy." *Rodela-Aguilar v. United States*, 596 F.3d 457, 464 (8th Cir. 2010) (internal citation and quotation marks omitted). However, failing to interview witnesses may be a basis for finding counsel ineffective within the meaning of the Sixth Amendment right to counsel if the petitioner can "make a substantial showing that, but for counsel's failure to interview . . . the witnesses in question, there is a reasonable probability that the result of his trial would have been different." *Kramer v. Kemna,* 21 F.3d 305, 309 (8th Cir. 1994). "[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691.

There is no per se rule that failure to interview witnesses constitutes ineffective assistance because such claims turn on their individual facts. *Sanders v. Trickey*, 875 F.2d 205, 209 (8th Cir. 1989). To succeed on a claim that counsel was ineffective for failing to investigate, Harrington may not base his claim on conclusory allegations but rather must allege what information his attorney failed to discover. *See id.* at 210. A habeas petitioner who offers only speculation that he was prejudiced by counsel's failure to investigate fails to show ineffective assistance of counsel. *Id.*; *see also Redeemer v. State,* 979 S.W.2d 565, 569 (Mo.

Ct. App. 1998).

On post-conviction appeal, the Missouri Court of Appeals found that trial counsel's failure to investigate or call Harrington's proposed witnesses did not amount to ineffective assistance because Harrington did not show that he was prejudiced by counsel's conduct. For the following reasons, this decision was neither contrary to nor an unreasonable application of clearly established federal law, nor was it an unreasonable determination of the facts.

The court of appeals noted that Harrington failed to identify any specific witnesses who would testify to specific facts that would support a viable defense. When a habeas petitioner fails to provide such specificity, he cannot show how the outcome of his trial would have been different. *See Saunders v. United States*, 236 F.3d 950, 952-53 (8th Cir. 2001). The court also noted that despite his claim that he was not at the victims' residence for long periods of time, Harrington nevertheless acknowledged that he was at the residence during other substantial periods when the crimes were alleged to have occurred. The court also noted that within Harrington's claim that he spent substantial periods away from the residence, he claimed that he spent some of this time in criminal institutions. Considering that this evidence would suggest that Harrington had committed other crimes, the court found that it was reasonable trial strategy for counsel to want to avoid presenting evidence that would intimate to the jury that Harrington had

committed other crimes.  The failure to present witness testimony that could be detrimental to the defense is not unreasonable under *Strickland*.  *See Johns v. Bowersox*, 203 F.3d 538, 546 (8th Cir. 2000); *Haley v. Armontrout*, 924 F.2d 735, 740 (8th Cir. 1991).  Therefore, because the "purported witnesses' supposed testimony would still put Appellant at the [] residence for significant periods of time, and would also cast doubt upon his credibility by suggesting the commission of other crimes," the court of appeals found that counsel's failure to investigate and call these witnesses did not prejudice Harrington.  (ECF #10-6, Resp. Exh. J, Memo. at 8-9.)  This decision is supported by the record and involves a reasonable application of federal law.

Harrington has not demonstrated a reasonable probability that he would not have been convicted but for counsel's failure to secure unidentified witnesses to testify at trial.  Ground 6 will be denied.

### Ground 17 – Cumulative Error

In his final ground for relief, Harrington claims that the cumulative effect of all the errors alleged in his petition deprived him of his constitutional rights. However, "[e]rrors that are not unconstitutional individually cannot be added together to create a constitutional violation."  *Wainwright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir. 1996) (citation omitted).  *See also Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006) ("a habeas petitioner cannot build a showing of

prejudice on a series of errors, none of which would by itself meet the prejudice test.") (internal quotation marks and citation omitted). Harrington has failed to show any individual constitutional error. His claim of cumulative error likewise fails.

### Certificate of Appealability

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order denying habeas relief in a § 2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. 28 U.S.C. § 2253(c)(2); *see Tiedeman v. Benson,* 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir. 1997). I find that reasonable jurists could not differ on any of Harrington's claims, so I will deny a Certificate of Appealability on all claims.

Accordingly,

**IT IS HEREBY ORDERED** that Jason Lewis is substituted for Ian Wallace as proper party respondent.

**IT IS FURTHER ORDERED** that Lathan Harrington's petition for writ of habeas corpus [1] pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue in this action because petitioner has not made a substantial showing of a denial of a constitutional right.

A separate Judgment in accordance with this Memorandum and Order is filed herewith.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of June, 2017.